UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

6 MILE & GREENFIELD, INC.,

       Plaintiff,

                                                    Case No. 14-CV-13244
vs.                                         HON. GEORGE CARAM STEEH

PNC BANK, N.A.,

       Defendant.
_____/

ORDER GRANTING IN PART IN DENYING
IN PART DEFENDANT'S MOTION TO DISMISS [DOC. 3]

On January 27, 2011, plaintiff obtained a business loan from defendant. The purpose of the loan was to finance plaintiff's business, a Sunoco gas station. The Promissory Note provided the loan amount of $586,292.29 and the repayment terms, including a pre-payment penalty. Plaintiff refinanced the loan in 2014 with Huntington Bank. Plaintiff alleges that, at the time it obtained the loan, defendant represented the pre-payment penalty expired after three years. Therefore, plaintiff contends that it should not have had to pay the pre-payment fee when it refinanced the loan. Plaintiff also makes claims for damages relating to defendant's requirement that any contamination to the property be cleaned up and that the property site be closed with the Michigan Department of Environmental Quality ("MDEQ").

Plaintiff filed its complaint on July 31, 2014 in Wayne County Circuit Court. The complaint states five claims: (1) breach of contract, (2) fraudulent misrepresentation, (3)

innocent misrepresentation, (4) breach of fiduciary duty[1], and (5) negligence.  Defendant removed the case to this court on August 21, 2014 on the basis of diversity jurisdiction.  On January 22, 2015, plaintiff filed a motion to remand for lack of subject matter jurisdiction due to the amount in controversy being less than $75,000.  On that same date, defendant filed a motion to dismiss.  The court heard argument on both motions, and denied plaintiff's motion to remand on the record following the hearing.  This order addresses defendant's motion to dismiss.

On January 27, 2011, plaintiff obtained a business loan in the amount of $586,292.29 from defendant.  The loan is evidenced by several instruments, including a Promissory Note, Business Loan Agreement, Commercial Guaranty of plaintiff's principal Bahjat Mallah, and a Commercial Security Agreement. Under the terms of the Promissory Note, plaintiff agreed to repay the loan by making 60 regular monthly payments in the amount of $5,361.62 and a final payment on the maturity date, February 4, 2016.  The Note provided that interest would accrue at the rate of 7.25% per annum.  The Note further provided for a pre-payment fee if the plaintiff paid off the loan before the maturity date.

Plaintiff alleges that at the time it obtained the loan, defendant represented that the pre-payment fee or penalty expired after three years.  There is nothing in writing stating that defendant agreed to waive the Note's pre-payment provision after three years, or at any time prior to the maturity date.  In 2014, plaintiff refinanced the loan with Huntington Bank, and claims that pursuant to defendant's promise that the pre-payment penalty

---

[1] At the hearing on plaintiff's motion to remand, plaintiff's counsel agreed to withdraw the claim for breach of fiduciary duty.

expired after three years, defendant breached its promise by requiring plaintiff to pay the pre-payment fee of $15,726.32.

I. Standard of Review

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face". *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atlantic*, 550 U.S. at 555) (citations and quotations omitted). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.* (*citing Bell Atlantic*, 550 U.S. at 555).

II. Statute of Frauds

Michigan's statute of frauds, MCL § 566.132(2), provides:

(2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution **unless the promise or commitment is in writing and signed with an authorized signature by the financial institution**:

>(a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
>
>(b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
>
>**(c) A promise or commitment to waive a provision of a loan, extension or credit, or other financial accommodation.**

Defendant argues that it never agreed to waive the pre-payment fee in a signed writing, and an alleged oral agreement to waive such provision cannot be enforced against it.

Plaintiff argues that there is an ambiguity in the loan documents as to the pre-payment penalty, therefore the question of interpretation of that provision should be submitted to the jury.  Plaintiff contends that the oral waiver and the contract language cannot be reconciled, resulting in an ambiguity.  Michigan law provides that a contract is ambiguous when its provisions are capable of conflicting interpretations.  See *Klapp v. United Insurance Group Agency, Inc.*, 468 Mich. 459, 467 (2003).  However, plaintiff does not identify any ambiguity in the contract language itself, which must be done before looking to parol evidence.  *Id.* at 469.  In other words, the ambiguity must be created by the contract language, and not by comparing the contract with extrinsic evidence.

With no ambiguity in the Promissory Note, the parties are left with an unambiguous pre-payment penalty.  The alleged oral waiver of the pre-payment penalty is not enforceable under Michigan's statute of frauds.  This is true no matter what theory plaintiff advances seeking to enforce the alleged oral promise to waive the contract provision, including breach of contract, fraudulent misrepresentation, innocent misrepresentation, or negligence.

This court agrees that the alleged oral waiver of the pre-payment penalty is not an enforceable agreement under Michigan's statute of frauds, and cannot support any of the claims in plaintiff's complaint. However, plaintiff's complaint also alleges two different wrongdoings by defendant. In addition to wrongful enforcement of the pre-payment penalty, plaintiff alleges that defendant agreed to withhold funds to secure MDEQ closure, withheld the funds, but did not successfully secure closure. Nearly half of the background allegations in plaintiff's complaint address the issue of defendant requiring any contamination on the Property to be cleaned up and closed with the Michigan Department of Environmental Quality, and the withholding of sums from plaintiff's loan in order to secure such closure. See Complaint ¶¶ 11-20. Plaintiff's breach of contract count alleges that the parties "had an agreement whereby [sic] would withhold Plaintiff's monies and use that money to secure a MDEQ closure." (Complaint ¶25). The count goes on to allege that defendant withheld $12,500 from plaintiff's loan and paid the money to secure a MDEQ closure, but MDEQ closure was not secured. (Complaint ¶¶ 26, 27).

Defendant does not argue that this second claim of wrongdoing is barred by the statute of frauds. In fact, defendant does not address the second issue at all in its pleadings. A fair reading of the complaint shows that plaintiff intends to include a claim for money damages arising from the wrongful withholding of funds to secure MDEQ closure. It is not clear from plaintiff's complaint where the ability to withhold funds and the corresponding obligation reasonably to use them to achieve MDEQ closure comes from, or whether plaintiff's claim is that the defendant unreasonably spent the funds by paying a company that failed to perform and ended in bankruptcy. Without a specific

request from defendant to dismiss the complaint on this basis, the court will not do so.

Plaintiff is directed to file an amended complaint to reflect the claims that are still pending in this lawsuit in light of this order ruling that the prepayment penalty cannot form the basis of any claims, as well as plaintiff's withdraw of the breach of fiduciary duty count. Plaintiff's amended complaint must be filed on or before June 24, 2015.

Dated: June 11, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 11, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk